IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

THE ESTATE OF CORNELIUS WARE, )
                                      )
       Plaintiff,                )
                                      )
   v.                             )    04C 2612
                                      )
CITY OF CHICAGO and CHICAGO POLICE )
OFFICERS ANTHONY BLAKE, JOHN CLEGGETT, )
RICHARD GRIFFIN, and TIFFANY WALKER )  JUDGE JOAN H. LEFKOW
                                      )
       Defendants.             )  JURY TRIAL DEMANDED
      MAGISTRATE JUDGE
      GERALDINE SOAT BROWN

DOCKETED APR 1 3 2004

**COMPLAINT**

NOW COMES Plaintiff, THE ESTATE OF CORNELIUS WARE, and complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS ANTHONY BLAKE, JOHN CLEGGETT, RICHARD GRIFFIN and TIFFANY WALKER (the "Defendant Officers"), states as follows:

**Introduction**

1. This action, arising out of the death of Cornelius Ware ("Decedent") caused by the Defendant Officers, is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Decedent's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**Plaintiff's Allegations**

3. Until the time of his death, Decedent, 20 year-old Cornelius Ware, was a resident of Chicago, Cook County, Illinois.

4. On or about August 18, 2003, the Defendant Officers shot Cornelius Ware in front of his house, located at 8435 South Loomis, Chicago, Illinois. At the time of the shooting, Ware was a paraplegic who was without the use of his legs.

5. The Defendant Officers used inappropriate, unwarranted, and unjustifiable force against Ware. Specifically, the Defendant Officers shot him without lawful cause or justification. Following the shooting, the Defendant Officers falsely accused Ware of engaging in conduct which justified the killing.

6. As a result of the Defendant Officers' unlawful use of force, Ware suffered pain during the next eighteen days, during which time he fought for his life in an intensive care unit. The gunshot wounds inflicted by the Defendant Officers eventually led to his untimely death.

**Count I - 42 U.S.C. § 1983**

**Excessive Force**

7. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

8. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

9. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Decedent's constitutional rights.

10. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

11. As a result of the Defendant Officers' unjustified and excessive use of force, as well as the City of Chicago's policies and practice, Decedent experienced conscious pain and suffering, his Estate has incurred medical and funeral expenses, and Plaintiff has suffered injury and emotional distress, including loss of society and companionship.

12. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse describe in the preceding sub-

paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

  f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

  g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, O.P.S. is forbidden by the City from considering those allegations if they are deemed unsustained; and

  h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

**COUNT II - State Law Claim**

**Wrongful Death - Intentional Battery**

13. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

14. As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Decedent.

15. The Defendant Officers' actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Decedent's great bodily harm and death, as well as Plaintiff's great pain and suffering.

16. The misconduct described in this Count was undertaken with intentional disregard of the Decedent's rights.

17. As a result of the Defendant Officers' actions, the Estate has incurred medical and funeral expenses, and suffered injury, including loss of society and companionship.

### COUNT III - State Law Claim

### Wrongful Death - Reckless Battery

18. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

19. As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Decedent.

20. The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

21. The Defendant Officers' actions proximately caused Decedent great bodily harm and death, as well as great pain and suffering to Plaintiff.

22. As a result of the Defendant Officers' actions, the Estate has incurred medical and funeral expenses, and suffered injury, including loss of society and companionship.

### COUNT IV - State Law Claim

### Survival Action - Intentional Battery

23. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

24. As described more fully in the preceding paragraphs, in restraining Decedent, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Decedent.

25. The Defendant Officers' actions were undertaken intentionally, willfully and wantonly.

26. The Defendant Officers' actions proximately caused Decedent great bodily harm, pain and suffering, and then death.

27. The misconduct described in this Count was undertaken with intentional disregard of the Decedent's rights.

28. As a result of the Defendant Officers' actions, Decedent experienced conscious pain and suffering.

### COUNT V - State Law Claim

### Survival Action - Reckless Battery

29. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30. As described more fully in the preceding paragraphs, in restraining Decedent, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Decedent.

31. The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

32. The Defendant Officers' actions proximately caused Decedent great bodily harm, pain and suffering, and then death.

33. The misconduct described in this Count was undertaken reckless disregard of the Decedent's rights.

34. As a result of the Defendant Officers' actions, Decedent experienced conscious pain and suffering.

### COUNT VI - State Law Claim

### Respondeat Superior

35. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

36. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents

of, the Chicago Police Department acting at all relevant times within the scope of their employment.

37. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## COUNT VII - State Law Claim

### Indemnification

38. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant Officers are or were an employee of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, THE ESTATE OF CORNELIUS WARE, including TAMMY FAYE GRANT, WILLIE LEE WARE, WILLIE GRANT, RICHARD MOORE, DARREN MOORE, DARIUS MOORE, TAMARA MOORE, ELANYA WARE, MARKELA BENNETT, AND DEVONTE WARE, respectfully requests that the Court enter judgment Plaintiff's favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS ANTHONY BLAKE, JOHN CLEGGETT, RICHARD GRIFFIN, and TIFFANY WALKER, awarding compensatory damages, including medical and funeral expenses, and attorneys' fees, along with punitive damages

against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Jon Rosenblatt
Russell Ainsworth
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900

Cut 2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## Civil Cover Sheet

DOCKETED
APR 1 3 2004

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

04C 2612

| | |
|---|---|
| Plaintiff(s): The Estate of Cornelius Ware | Defendant(s): City of Chicago and Chicago Police Officers Anthony Blake, John Cleggett, Richard Griffin, and Tiffany Walker |
| County of Residence: Cook | County of Residence: |
| Plaintiff's Atty: Loevy & Loevy<br>312 N. May St., Suite 100<br>Chicago, IL 60607<br>(312) 243-5900 | Defendant's Atty: JUDGE JOAN H. LEFKOW,<br><br>MAGISTRATE JUDGE<br>GERALDINE SOAT BROWN |

II. Basis of Jurisdiction: 3. Federal Question (U.S. not a party)

III. Citizenship of Principal Parties
(Diversity Cases Only)
    Plaintiff:- N/A
    Defendant:- N/A

IV. Origin :      1. Original Proceeding

V. Nature of Suit:      440 Other Civil Rights

VI. Cause of Action:      42 U.S.C. Section 1983

VII. Requested in Complaint
    Class Action:
    Dollar Demand:
    Jury Demand: Yes

VIII. This case IS NOT a refiling of a previously dismissed case.

Signature: _____

Date: 4/12/04

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**      Revised: 06/28/00

FILED FOR DOCKETING
ED-7
04 APR 12 PM 4:31
CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DOCKETED
APR 1 3 2004

In the Matter of

The Estate of Cornelius Ware
v.
City of Chicago and Chicago Police Officers Anthony Blake, John Cleggett, Richard Griffin, and Tiffany Walker

Case Number: 04C 2612

JUDGE JOAN H. LEFKOW

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff, Estate of Cornelius Ware

MAGISTRATE JUDGE GERALDINE SOAT BROWN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Jon Loevy | NAME: Arthur Loevy |
| FIRM: Loevy & Loevy | FIRM: Same |
| STREET ADDRESS: 312 N. May St., Suite 100 | STREET ADDRESS: |
| CITY/STATE/ZIP: Chicago, IL 60607 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 243-5900 / FAX NUMBER: (312) 243-5902 | TELEPHONE NUMBER: / FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 02618254 | IDENTIFICATION NUMBER: 1682479 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☑ NO ☐ |
| TRIAL ATTORNEY? YES ☑ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME: Jon Rosenblatt | NAME: Russell Ainsworth |
| FIRM: Same | FIRM: Same |
| STREET ADDRESS: | STREET ADDRESS: |
| CITY/STATE/ZIP: | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: / FAX NUMBER: | TELEPHONE NUMBER: / FAX NUMBER: |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 6270519 | IDENTIFICATION NUMBER: 6280777 |
| MEMBER OF TRIAL BAR? YES ☑ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☑ |
| TRIAL ATTORNEY? YES ☐ NO ☑ | TRIAL ATTORNEY? YES ☐ NO ☑ |
| DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☑ NO ☐ |

FILED FOR DOCKETING
04 APR 12 PM 4:31
U.S. DISTRICT CLERK COURT

1-3