IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

TAMMY FAYE GRANT, on her own behalf        )
and as Administrator for the ESTATE        )
OF CORNELIUS WARE, Deceased,               )
                                           )
            Plaintiff,                     )    04 C 2612
                                           )
       v.                                  )    Judge Lefkow
                                           )
CITY OF CHICAGO, and CHICAGO POLICE        )
OFFICERS ANTHONY BLAKE, JOHN CLEGGETT,     )
RICHARD GRIFFIN and TIFFANY WALKER,        )
                                           )
            Defendants.                    )    JURY TRIAL DEMANDED

**PLAINTIFF'S SECOND MOTION *IN LIMINE*
TO BIFURCATE LIABILITY AND DAMAGES AT TRIAL**

Given potential evidentiary issues and challenges posed by this case, Plaintiff proposes that it would make sense to bifurcate this trial, first having a liability phase, with a relatively short damages phase (expected to last one day or less) to follow thereafter, if necessary.

Plaintiff's counsel has participated in two trials at which liability was bifurcated from damages, and must confess to having reluctance in proposing this solution because they lost both trials. Nevertheless, these experiences have proved relevant here.

The two trials were Mohamed v. City of Madison, Case No. 03 C 631-C, which occurred in the Western District of Wisconsin, a court which apparently bifurcates all trials as a matter of course (it was not clear to Plaintiff if it was all civil trials or all Section 1983 trials), and the other was a shooting case

before Judge Lindberg, <u>Young v. City of Aurora</u>, Case No. 99 C 7187. The latter trial in particular illustrated the advantages to bifurcation in a shooting case strikingly similar to this one, as the Court avoided having to make certain evidentiary rulings -- which ultimately proved unnecessary because, unfortunately (at least from Plaintiff's perspective), plaintiff lost the liability phase.[1]

Bifurcation does not make sense in every case, perhaps not even in most cases. But this case seems like a particularly good candidate given the potential for prejudice for some of the evidence discussed in Plaintiff's remaining motions *in limine*. Plaintiff's position is that bifurcation avoids the need to make certain admissibility determinations because much of the disputed evidence has nothing whatsoever to do with liability and, if admitted, risks infecting and prejudicing the juror's abilities to keep their eyes on the real issues. Indeed, Defendants made a similar argument in this case in their own prior Motion to Bifurcate the <u>Monell</u> claim. <u>See</u> R. 80 (Defendants' argument that bifurcation was appropriate because curative instructions are not satisfactory in the face of genuine prejudice).

WHEREFORE, Plaintiff respectfully requests that the Court bifurcate the trial, with a liability phase to be followed by a short damages phase.

---

[1] Plaintiff adds that the <u>Palmquist</u> case referred to at length in her Third Motion *in Limine* also proceeded with damages bifurcated from liability. <u>Palmquist v. Selvik</u>, 111 F.3d 1332, 1337 (7th Cir. 1999).

2

RESPECTFULLY SUBMITTED,


_____S/ Jon Loevy_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May
Chicago, IL 60607
(312) 243-5900