IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY FAYE GRANT, on her own behalf and as Administrator for the ESTATE OF CORNELIUS WARE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 04 C 2612 |
| v. | ) ) | Judge Lefkow |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICERS ANTHONY BLAKE, JOHN CLEGGETT, RICHARD GRIFFIN and TIFFANY WALKER, | ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S THIRTEENTH MOTION *IN LIMINE* TO BAR
REFERENCES TO CORNELIUS' PRIOR ARRESTS AND CONVICTION**

According to the Seventh Circuit, courts must be vigilant about the danger of justifying violations of important constitutional rights by portraying victims as bad people. Geitz v. Lindsey, 893 F.2d 148, 151 (7th Cir. 1990) ("We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them").

In this case, Cornelius' death prevents him from testifying, so the usual basis of admissibility for impeachment is absent.

To the extent any argument can be made by the defense that such evidence nonetheless goes to damages, the risk of tainting the liability assessment can be eliminated if the Court accepts the bifurcation suggestion. Blake did not know anything about any prior convictions, and as is hopefully now clear, it would skew the analysis if the jury did. Sherrod, 865 F.2d at 805 (the

reception of any evidence or information beyond that which the officer knew at the "time he fired his revolver is improper, irrelevant and prejudicial to the determination of whether [the officer] acted reasonably 'under the circumstances'").

Moreover, the risk of unfair prejudice here is extremely high: Cornelius' prior conviction is for an unlawful use of a weapon, and the impermissible inference that someone who committed an offense on one occasion is more likely to do so on another is, while expressly forbidden, insidiously tempting. Bifurcation eliminates the potentially fatal prejudice. See R. 80 (Defendants' argument earlier in this case in favor of bifurcation because curative instructions were insufficient). Accordingly, proceeding with a bifurcated trial as Judge Lindberg did in Young, and as the court did in Palmquist, would solve the problem entirely.

That aside, these subjects are in fact irrelevant no matter what theory for admissibility.

### A. ALL REFERENCES TO CORNELIUS' THREE PRIOR ARRESTS MUST BE BARRED

Under applicable law, prior arrests that do not result in convictions are inadmissible. Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001) ("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper"); Jones v. Scientific Colors, Inc., 2001 WL 668943 (N.D.Ill. 2001) ("Whether any of the claimants have been

2

previously arrested -- as opposed to convicted -- is a matter of slight probative value in relationship to the claims before the Court. Such inquiries threaten more to confuse than enlighten"); Brandon v. Village of Maywood, 179 F.Supp. 2d 847, 853-55 (N.D.Ill. 2001) (carefully considering and rejecting all arguments for admission of arrest record -- such as "bias" or damages -- because prejudice outweighs probative value where officers did not know about it). Similarly, any reference to time spent in jail as a result of those arrests is likewise inadmissible. See Charles v. Cotter, 867 F.Supp. 648, 660-61 (N.D.Ill. 1994) (excluding evidence of prior incarceration as unduly prejudicial).

Given the caselaw, Cornelius' prior arrest for a small amount of marijuana, a charge which was stricken on leave, is inadmissible, as is his other arrest for gambling as a juvenile. Finally, particularly inadmissible is Plaintiff's arrest in 2000 when he was accused of robbing someone of a cellphone and jacket. The reason why this latter arrest is so unfairly prejudicial is because the alleged crime allegedly involved the use of a gun, giving rise to the risk of an impermissible propensity inference. Blessing v. Kulak, 1988 WL 67637, *1 (N.D.Ill. June 22, 1988) ("The use of the evidence of prior arrests, despite defendants' arguments, is in the manner of demonstrating that Blessing had a propensity for committing burglary [and is thus] inadmissible under Rule 404(b)"); cf. Earl v. Denny's, Inc., 2002 WL 31819021,

3

at *8 (N.D.Ill.Dec. 13, 2002) ("[A] jury may deny plaintiff a verdict and an award, not because it doubts its veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent").

Plaintiff cannot stress enough the presumption of innocence. He was not convicted of anything, and he is not around to tell his side of the story.[1] Absent a conviction, Defendants are left with nothing but, at best, an <u>alleged</u> prior bad act. And one which bears far too close a resemblance to the allegations in this case to survive a prejudice analysis, even if the accusation were in fact true -- which is simply not a fair assumption. <u>Gregory v. Oliver</u>, 2003 WL 1860270, *1 (N.D.Ill. April 9, 2003) ("Arrests that have not lead to convictions are classic candidates for exclusion under [FRE] 404(b)").

### B. CORNELIUS' JUVENILE RECORD IS ALSO INADMISSIBLE

Though Blake never knew it, Cornelius Ware had been convicted of two offenses as a juvenile and was adjudicated a delinquent. One charge was possession of controlled substances, with the adjudication of delinquency on March 25, 1997, more than nine years ago. Though there is still a few months to go before FRE 609's ten-year rule would operate as a *per se* bar, <u>THK America, Inc. v. NSK, Ltd.</u>, 917 F.Supp. 563, 570 (N.D.Ill. 1996)

---

[1] Moreover, the witness who claimed that Cornelius robbed him was not named or deposed in discovery, and is not on either side's FPTO list, and properly so. Any account is pure hearsay.

4

("Congress intended that convictions over ten years old be admitted very rarely and only in exceptional circumstances"), this conviction is so remote and prejudicial that it should be barred on FRE 403 grounds alone.

The other juvenile charge was "attempted theft," but the facts of that event were sharply contested. Apparently a group of boys pushed someone off his bicycle and tried without success to take his money when he would not buy their little league trophy for $1, before they all ran away without having gotten anything. See Exhibit PP. The records suggest that Cornelius strongly disputed that version of what happened. Id.

In any event, this juvenile conviction, which occurred a decade ago in 1996, should be barred. For starters, juvenile convictions have lesser relevance generally, and FRE 609(d) bars any use of juvenile records for impeachment altogether. See Fed. R. Evid. 609(d). The Court should bar all references at trial, not just because it would skew the liability determination, but because the evidence is not sufficiently relevant in the first place to even begin to outweigh the potential for unfair prejudice. Dean, by Williams v. Watson, 1995 WL 692020, *3 (N.D.Ill. Nov. 16, 1995) (barring references to juvenile adjudications); Blessing v. Kulak, 1988 WL 67637 (N.D.Ill. June 22, 1988) (barring juvenile arrests).

For instance, in Crawford v. County of Dauphin, 2006 WL 543048 (M.D.Pa. March 6, 2006), decided a few months ago, the

5

court granted a motion *in limine* to exclude a juvenile conviction and an adjudication of delinquency. Id. at *1-*2. As Defendants will likely do here, the defendants there had stretched to find an admissible basis, arguing it was relevant to lost earnings while he was behind bars, and that it was relevant to "refute the emotional trauma suffered when he was first incarcerated," among other attempts. The court nonetheless barred the evidence, holding that such testimony was too prejudicial. Id. As the court explained: "We find it highly likely that the jury would impermissibly infer from Crawford's juvenile convictions that he was also responsible for the murder of Edwards, an issue that strikes close to the heart of this case. Therefore, at this time we will exclude evidence of Crawford's juvenile convictions under Rule 403." Id. A similar conclusion is appropriate here.

### C. THE UUW CONVICTION

The only adult conviction of which Plaintiff is aware is his April 12, 2000 conviction for UUW. The sentence was community service. See Exhibit QQ (criminal history report).

This conviction would qualify under FRE 609, but Cornelius is not going to testify, and Defendants need an alternative basis for admissibility. The problem is that the risk of unfair prejudice cannot be overstated: the fact that he committed the prior bad act of having a .22 handgun on one occasion three years before his death inevitably invites the inference that he acted in conformity with a purported propensity to carry guns. This

6

impermissible inference is flatly inadmissible under the Federal Rules. <u>Simplex, Inc. v. Diversified Energy Sys.</u>, 847 F.2d 1290, 1293 (7th Cir. 1988) (evidence may not be admissible to "establish a party's propensity to act in conformity").

Defendants will no doubt attempt to dream up a basis for relevance which could somehow outweigh the extreme risk of unfair prejudice. But no matter what they come up with, Blake did not know it, and the propensity inference is totally unavoidable, which makes bifurcation all the more attractive. That way, the Court can decide whether the conviction is relevant without concern for destroying the possibility of a fair trial on liability.

### D. CORNELIUS' BOND

Also inadmissible is the fact that Plaintiff was on bond for the alleged robbery at the time he was killed by Defendants. This "motive" not to be arrested is indistinguishable from the "death wish" evidence that Mr. Palmquist had previously expressed a desire to commit suicide by cop in <u>Palmquist</u>: it may provide an "explanation" for the events at issue, but it remains inadmissible, as it was unknown to Officer Blake at the critical time.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order barring all references to: (A) Cornelius' prior arrests; (B) his prior juvenile record; (C) the UUW conviction; and (D) the fact that, unbeknownst to Officer Blake, he was on bond at the time of the shooting.

7

RESPECTFULLY SUBMITTED,

S/ Jon Loevy
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May
Chicago, IL 60607
(312) 243-5900