IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY FAYE GRANT, on her own behalf, and as Administrator for THE ESTATE OF CORNELIUS WARE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 04 C 2612 |
| v. | ) ) | JUDGE LEFKOW |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS ANTHONY BLAKE, JOHN CLEGGETT, RICHARD GRIFFIN, and TIFFANY WALKER, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRTEENTH
MOTION *IN LIMINE* TO BAR ANY REFERENCES
TO DECEDENT'S PRIOR ARRESTS AND CONVICTIONS**

Defendant, Anthony Blake, by one of his attorneys, submits the following response to Plaintiff's thirteenth motion *in limine* to bar any reference to decedent's prior arrests or convictions.

Plaintiff argues generically that the court should grant this motion because the court needs to protect against victims of civil rights violations being portrayed as bad people; that the arrests and convictions are not admissible for impeachment as Cornelius Ware is deceased; and that the Defendant did not know of decedent's prior criminal history. (Plaintiff's thirteenth motion in limine at pp. 1-2). From the outset none of these arguments are persuasive.

First, Plaintiff cites to a case for the proposition that the court must protect civil rights plaintiff's so that their criminal past does not unfairly prejudice them. Geitz v. Lindsey, et al., 893 F.2d 148 (7th Cir. 1990). While the court in Lindsey does set forth this proposition, it found that the facts presented by Plaintiff did not present a situation requiring the court to find that this

protection was not provided by the admission of that type of evidence. Id. at 151. In that case the court allowed the Defendants to bring in evidence of plaintiff's pending offenses and prior convictions for impeachment as well as to show the Defendant's state of mind. Id. In fact, the court found that it was permissible for the defense to talk about the specific details of other criminal convictions and pending charges: names and ages of the victims, physical evidence alleged used in the commission of the crimes, location of crime scene, among other things. Id. At pg 150.

Here, the Court should permit defendant to offer evidence of decedent's prior arrests and convictions on the issue of damages, and to rebut plaintiff's "primary allegation" of a planted gun theory, assuming plaintiff can make a sufficient proffer to the court that she has a good faith basis to present such a theory.

Plaintiff divides her motion into four parts: decedent's three most recent prior criminal arrests; decedent's juvenile record; decedent's prior conviction for UUW; and the fact that decedent was out on bond. Plaintiff argues that all of this information is too prejudicial. However, a closer review of the items to be admitted and the reasons therefore show this evidence is not more prejudicial than probative and should be admitted.

    A.    Decedent's prior arrests.

Plaintiff is concerned with the Decedent's following arrest history:

1. March 27, 2002 - possession of cannabis - 2002 MC1 233638- stricken from docket with leave to reinstate;
2. April 14, 2000- Armed robbery with a firearm - 2000 CR 12155 - probable cause found, bail bond forfeiture on Nov. 15, 2002 - case terminated due to death;
3. April 11, 2000 - unlawful use of firearm, fail to register, no FOID card - 2000 MC1 235956 - guilty - sentenced to community service; and
4. February 5, 1999 - gambling- arrested as a juvenile- screened out.

These arrests are all relevant. Plaintiff is claiming decedent's death was wrongfully caused by Defendant Blake. If the jury finds liability it will have to consider damages. The damages the jury may consider in this case include: what money, benefits, goods and services the decedent customarily contributed in the past; what money, benefits, goods and services the decedent was likely to contribute in the future; his age; his sex; his health; his personal expenses; this physical and mental characteristics; his habits of industry, sobriety and thrift; and his occupational abilities. (Illinois Pattern Jury Instruction 31.06). At the time of his death decedent was 20 years old. These prior arrests demonstrate what, if any, damages the Plaintiff may be entitled to. They show what decedent contributed to his family, what he was likely to contribute in the future, his occupational abilities and his industry. The fact that decedent was being arrested for crimes shows what he was doing with his time and what he thought was important.

      Additionally, on April 14, 2000, decedent was arrested for armed robbery with a firearm. This arrest is more probative than prejudicial and should be admitted. First, at the time of this arrest, decedent was in a wheelchair, paralyzed. This shows that the paralysis did not slow down his illegal activities, that he would continue on as he had done so since the time he was a juvenile. The picture that Plaintiff intends to paint of decedent was that he was her friend, he was the center of the family life and protective of her. (Grant deposition at pg. 70 line 2-4 and pp. 270-274). This picture is severely skewed in light of the activities decedent was engaging in just before his death.

      Moreover, the fact that decedent was arrested with a gun directly rebuts Plaintiff's newly found "primary allegation" that an officer planted a gun on decedent on the evening he was shot. Plaintiff, since filing her motion to extend the trial date, intends to put forth a theory that the gun

found on decedent was placed there by an officer, that decedent never had a gun. If Plaintiff is allowed to proceed on this theory, defendant should be permitted to rebut this theory with evidence that it was decedent's modus operandi, motive, intent and plan to carry a weapon. Fed.R.Evid. 404(b). That decedent had access to a weapon and used it in the past on both April 11, 2000 and April 14, 2000, (See section C below), is relevant to rebut the claim that he did not have a gun at the time of the incident in question.

Plaintiff asserts several cases in support of her position, none of which are persuasive. First Plaintiff asserts that "[u]nder applicable law, prior arrests that do not result in convictions are inadmissible." (Pl's thirteenth mil at pg. 2). In support of this broad general sweeping statement, Plaintiff cites Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001). Plaintiff's reliance on this case is misplaced. The Anderson court was considering whether during a habeas petition, it was appropriate for an officer to refer to line-up photos as photos of person's who have been arrested in the past. Anderson, 243 F.3d at 1054. The Court found that this statement was improper, it did not constitute a denial of due process because what the court must consider is whether the error produced a "significant likelihood that an innocent person has been convicted." Id. (internal citation omitted). Because this is not a habeas petition and the concern is not whether an innocent person has been convicted, this case is not applicable to the facts before the court.

Next, Plaintiff attempts to rely on the Jones v. Scientific Colors, Inc, case for the proposition that information about arrests is of slight probative value. (Pl's. thirteenth mil at pp.2-3). Again, plaintiff's reliance on this case is misplaced. The Jones case involved an EEOC claim in which the former employer was moving to compel the claimant to answer deposition

questions about his past use of drugs and acts or threats of domestic violence because he was requesting damages for mental anguish. Jones v. Scientific Colors, Inc., 2001 WL 668943 at *1 (N.D. Ill 2001). The court found that the Defendant had not persuaded the court that the magistrate's ruling was clearly erroneous. Id. But the court also recognized there may be a possibility that the inquiry may lead to the discovery of admissible evidence. Id. In the case before this court, the information is clearly relevant to rebutting Plaintiff's claim that decedent did not have a weapon, to establishing modus operandi and addressing damages in the wrongful death claim as explained above. Because the Jones court was focusing on a different issue, its holding does not help in this matter.

Plaintiff next attempts to rely on Brandon for the proposition that admission of the arrest record for bias or damages should not be allowed because prejudice out weights probative value. (Pl's. thirteenth mil at pg. 3). Again, this case is distinguishable because the defendant in that cases wanted to use the prior arrests and convictions to show bias, to attack the Plaintiff's credibility and for the purposes of damages for an excessive force claim. Brandon v. Village of Maywood, et al., 179 F. Supp. 2d 847, 853-55 (N.D. Ill 2001). Plaintiff here again ignores the obvious grounds for admissibility of the prior armed robbery arrests, to rebut Plaintiff's argument that decedent did not have a gun, to establish modus operandi and to address damages in a wrongful death lawsuit.

Similarly, Plaintiff relies on Charles v. Cotter for the proposition that evidence of prior incarceration is unduly prejudicial. (Pl's. thirteen mil at pg. 3). Plaintiff appears to have misplaced this citation as the issue discussed in this portion of the motion in limine relates to prior arrests of decedent. Moreover, the court in Charles deferred ruling on Plaintiff's motion to

5

exclude evidence of his prior arrests until the time of trial to determine, in the context of the trial, whether the facts of prior arrests were admissible. Charles v. Cotter, et al., 867 F. Supp. 648, 658 (N.D. Ill 1994). While it is Defendant's position that their arguments clearly make this evidence admissible, the Court, should disregard Plaintiff's argument because this citation is not relevant to the arguments Plaintiff is attempting to make.

 Plaintiff attempts to cite Blessing for the proposition that prior arrests should not be used to show propensity. (Pl's. thirteenth mil at pg. 3). While the Defendant agrees generally with this proposition, they do not intend to use decedents's prior juvenile arrest to show propensity or the basis of probable cause. As argued previously, this arrest is relevant to the determination of damages in this case. Because Blessing deals with prior juvenile arrests for purposes of propensity or probable cause, Blessing v. Kulak, et al., 1988 WL 67637 (N.D. Ill 1988) at *1-2, it is not applicable to this case. Similarly, Plaintiff attempts to use the Earl case to support this argument. However the Earl case has no applicability to prior arrests, juvenile or otherwise. The court in Earl refused to admit a prior sexual assault conviction in a personal injury case in which the Plaintiff alleged he slipped at Defendant's restaurant. Earl v. Denny's Inc., 2002 WL 31819021 (N.D. Ill 2002). The court found that weighing the probative value of the prior sexual assault for purposes of impeachment against the unfair prejudice in a personal injury lawsuit, it excluded the prior conviction. Id. at *3. The prior arrests will not be used for impeachment, but rather to show decedent's motive, intent, modus operandi, plan, and also to dispute plaintiff's damages claims. Because these are all valid reasons for admission, this evidence should be allowed.

Plaintiff makes one final attempt to cite a case for the proposition that these prior arrests should not be allowed in, Gregory v. Oliver. (Pl's. 13th motion in limine at pg. 4). Again Plaintiff relies on this case in error. In Gregory, the court was examining the admissibility of a conviction which was older than 10 years and prior arrests. Gregory v. Oliver, et al., 2003 WL 1860270 at *1 (N.D. Ill 2003). The court found that the conviction was not admissible because it did not overcome the presumptive inadmissibility under FRE 609. Id. Moreover it went on to grant Plaintiff's motion without explanation. Id. This case is not helpful to the case before this court because the Defendant has set forth reasons why this evidence is admissible: to show motive and intent and to rebut the claim of damages.

Because the decedent's prior arrests are probative and are not unfairly prejudicial, they should be admitted.

  B. Decedent's juvenile record.

Decedent has the following convictions on his juvenile record:

1. October 22, 1996 plaintiff was found delinquent for attempted theft of an auto and aggravated battery in case 96 JD 12896. On December 3, 1996 he received probation, SWAP, counseling and home confinement; and
2. March 25, 1997 finding of delinquency for possession of a controlled substance in case no. 97 JD 2434. He received probation but then violated the probation and on September 2, 1998 was adjudicated a ward of the court and sent to Juvenile Department of Corrections. He was granted parole on December 16, 1999.

Plaintiff argues that one of the adjudications is too old and that the other was "sharply contested" and therefore they should be excluded. (Plt.'s 13th motion in limine at pp. 4-5). However, Plaintiff does concede that both of these convictions fall within the 10 year time frame delineated by FRE 609. (Id.) Plaintiff conveniently ignores the relevance of these matters to the issue of damages. Plaintiff is alleging that she is entitled to damages under the wrongful death statute.

At the time of his death decedent was 20 years old, barely an adult. Therefore, the information the jury is left to consider, if it were to reach the issue of damages is what the decedent could contribute based on what they know about his past. Plaintiff would like to paint a very rosy picture of the decedent. In fact she has offered pictures of the decedent from as far back as when he was three years old. (See Plaintiff's exhibit no. 32) Although the Defendant has objected to these photos, it is indicative of the arguments Plaintiff will be making about the decedent. Decedent's juvenile record shows that all is not as the pictures would lead you to believe. Decedent had spent time in several juvenile facilities. That he was adjudicated a delinquent and that this behavior continued until the time of his death impacts Plaintiff's claim for damages.

Plaintiff attempts to cite cases in support of her argument that these juvenile adjudications should not be admissible. However, Plaintiff's authority is inapplicable to the case before this court. First Plaintiff relies on Dean v. Watson, for the proposition that references to juvenile adjudications should be barred. In Dean, the court granted plaintiff's motion in limine to bar juvenile arrests or adjudications because the Defendants did not oppose this motion. 1995 WL 692020 at *3 (N.D. Ill. 1995). The Dean court did not consider whether the juvenile record would be relevant to damages and, therefore, is not instructive on Plaintiff's motion to bar decedent's juvenile adjudications.

Similarly, Plaintiff's reliance on the Blessing case is misplaced. The court in that case excluded Plaintiff's prior juvenile arrest for burglary which had occurred 8 years prior because it could only be used to show propensity. Blessing 1988 WL 67637 at *1. In this case, Plaintiff is suing for damages under the wrongful death statute. Plaintiff was only 20 years old at the time of his death, therefore, his juvenile adjudications are relevant to the damage issue.

Finally, Plaintiff attempts to use the Crawford case to bolster her argument that decedent's juvenile adjudications should not come into evidence. (Plt.'s. 13th motion in limine at p. 6). The holding in Crawford precluded Defendant from brining admitting the juvenile record to rebut Plaintiff's expert report that had calculated lost earnings while Plaintiff was in juvenile detention facility because the expert amended her report. Crawford v. Dauphin, et al, 2006 WL 543048 at *2 (M.D. Pa. 2006). However, the court did leave open the door for Defendants to further argue the admissibility of the juvenile convictions based on the evidence presented at the time of trial. Id. Here, given Plaintiff's request for damages under the wrongful death statute, these juvenile convictions are still relevant and should be admitted.

    C.    UUW conviction

In 2000, Plaintiff was convicted of unlawful use of a weapon, having a firearm without and FOID card and failure to register the weapon. Plaintiff concedes that this conviction is admissible however, attempts to argue that is only relevant to show propensity and, therefore should be excluded. (Pl's thirteenth mil at pp. 6-7). Plaintiff argues that Defendant will attempt to dream up someway for it to be admissible but the prejudice will out weight the probative value. (Id. at pg. 7). Defendant does not need to dream up anything, it is plainly obvious how this information is relevant and admissible. Plaintiff is attempting to put forth a newly discovered, "primary allegation" that the gun which was found on decedent at the time he was shot was planted. Plaintiff and other family members will testify that they did not know decedent to have a gun. However, this representation is clearly skewed. Decedent was convicted of unlawful use of a weapon - a gun. This, along with the other arrests shows Decedent's habit, motive, plan, intent and modus operandi was to carry a weapon.

9

Moreover this fact is relevant to the issue of damages that must be considered if the jury finds liability. It is the continuation of the very real picture of what decedent's life was really like rather than the self-serving statements of the family who now seeks to recover huge sums of money for the death of decedent. As explained previously in this motion, this information is probative to damages and will not unfairly prejudice the Plaintiff.

D. Decedent was out on bond

Decedent was released from custody after posting bond for his April 14, 2002 arrest for armed robbery. (See Defendant's exhibit no. 48). Plaintiff argues that the fact that decedent was out on bond at the time of his death should not be admitted into evidence. Plaintiff asserts that this evidence is like the "death wish" evidence excluded in Palmquist. As argued previously in Defendant's response to Plaintiff's motion *in limine* no. 3, this argument does not hold up.

Additionally, this evidence is relevant to show why decedent would have a gun and point it at the police. In the Dean case the court found the fact that Plaintiff was out on bond was admissible to show motive. Dean v. Watson, 1995 WL 692020 at *3 (N.D. Ill. 1995) (Nordberg, J.). The court reasoned that a while a single arrest (the current crime) may not be enough to flee, the outstanding bond forfeiture warrants provided enough of a motive to run and the evidence of bond forfeiture was admitted. Id. This scenario is analogous to the case before this Court. Decedent is out on bond for an armed robbery at the time he is stopped by the police. This provides a strong motive not to give up to the police and to attempt to escape by pointing a weapon at the officers. The evidence decedent is out on bond establishes a motive for the decedent to act in a manner a law-abiding citizen would not - to point a weapon at police.

Finally, this information again goes to damages. As has been argued before, the jury is entitled to a complete picture if it must consider damages. Information regarding decedent being out on bond is relevant and admissible to this inquiry and would not be unfairly prejudicial.

Because the evidence of decedents prior arrests, conviction, juvenile record and being out on bond are not unfairly prejudicial they should be admitted, and plaintiff's thirteenth motion in limine should be denied.

                                            Respectfully submitted,

                                            /s/ Joseph M. Polick
                                            Joseph M. Polick
                                            Chief Assistant Corporation Counsel

30 N. LaSalle St.
Suite 1400
Chicago, IL 60602
(312) 742-0029