IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY FAYE GRANT, on her own behalf and as Administrator for the ESTATE OF CORNELIUS WARE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 04 C 2612 |
| v. | ) ) | Judge Lefkow |
| CITY OF CHICAGO and ANTHONY BLAKE, | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF TWELFTH MOTION *IN LIMINE* TO BAR REFERENCES TO IDOC RECORDS (GROUP EXHIBIT 55)**

Defendant conspicuously ignores the main point of Plaintiff's motion, which is a hearsay objection. Defendant has nothing to say about that problem. In arguing, for example, as Defendant does, that the documents "confirm decedent was in a gang" and prove incidents of "Ware acting violently" (Def. Resp. at 1), Defendant is ignoring, not meeting, that objection.

Defendant's failure is fatal on this point. Standing alone, documents cannot confirm or prove anything. Only witnesses can. The latter are subject to cross-examination, the former are merely hearsay. This is a court of law, and proof is required. An IDOC record accusing Mr. Ware, for example, of behaving badly on a particular occasion is not proof of anything. It is merely a piece of paper.

People, unlike paper, can testify to facts, assuming they have a foundation of first-hand knowledge, and assuming the subject matter is deemed relevant by the Court.

This is a very important motion, but Defendant has made it difficult to resolve by sidestepping one thrust of Plaintiff's objection, namely, how is Plaintiff supposed to interpose meaningful objections to an exhibit that is 400 pages of miscellaneous documents chock full of various facts? Having been pressed to identify what it is that the defense thinks is relevant, Defendant remains unduly general and vague.

Notwithstanding the awkwardness in the manner in which Defendant has listed the documents as one giant combined exhibit, the Court should not reward the defense by throwing up its hands. Defendant should be prohibited from tossing around references (what the defense calls "confirmed facts") from the IDOC records without making the requisite showing of a non-hearsay foundation outside the presence of the jury.

The problem for the defense, and the reason why they are intentionally general and vague, is that there is no non-hearsay foundation for any of it. Defendant will never be able to satisfy the Court outside the jury's presence that these facts have an admissible basis because they are all either (a) unsupported by any witness on the FPTO, or (b) totally irrelevant.

The one exception would be things which are truly impeachment, such as a statement Defendant's Response attributes directly to Plaintiff. However, impeachment is not a game whereby a party re-clothes a substantive fact as "impeachment." Impeachment is impeachment, and Defendant should not be permitted

to play around with the terminology to "confirm" that Plaintiff was in a gang or "prove" that Plaintiff acted badly on another occasion.

Again, in light of the way the 400 page exhibit prevents meaningful objections by Plaintiff to any particular notation in the records, Plaintiff urges the Court to prohibit the defense from referencing anything in the IDOC records at trial without first raising the issue with Plaintiff and the Court outside the jury's presence. That solution is fair and appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607