IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TAMMY FAYE GRANT, on her own behalf ) <br> and as Administrator for THE ESTATE ) <br> OF CORNELIUS WARE, Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO and CHICAGO POLICE ) <br> OFFICER ANTHONY BLAKE, ) <br> ) <br> Defendants. ) | 04 C 2612 <br><br> Judge Lefkow <br><br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT ORDER

Plaintiff, TAMMY FAYE GRANT, by and through her attorneys, LOEVY & LOEVY, requests that this Court enter the attached order entering judgment in favor of Plaintiff and against Defendants City of Chicago and Anthony Blake. In support, Plaintiff states as follows:

1. Plaintiff brought claims against Defendants on three counts: (1) a § 1983 excessive force claim; (2) a state law survival action; and (3) a state law wrongful death claim.

2. On February 9, 2007, after a jury trial on the liability phase of those claims, the jury returned a verdict in favor of Plaintiff on all three claims.

3. The damages phase of the bifurcated jury trial was scheduled to start on February 13, 2007.

4. Prior to the damages phase, the parties, through their counsel, stipulated and agreed that Defendants would pay Plaintiff $5.25 million in damages and attorneys fees and costs.

5. On Monday, February 12, 2007, counsel for the parties agreed that the parties would present this Court with a judgment order that incorporated the damages stipulation under the jury verdict.

6. This Court entered an order on Tuesday, February 13, 2007 that directed the parties to tender a proposed agreed settlement order to the Court on or before February 20, 2007.

7. On Tuesday, February 13, 2007, Defendants for the first time advised Plaintiff of their position that the damages judgment would have to be made subject to approval by the Chicago City Council.

8. With the Court's deadline in mind, Plaintiff telephoned Defendants seeking to come to an agreement on a proposed settlement order. Despite several requests, Defendants have not provided Plaintiff with a proposed order, but have indicated that the order would have to resemble a traditional settlement agreement, notwithstanding the jury verdict on liability.

9. Plaintiff has never agreed to the change in terms of the initial agreement, namely that the damages phase of trial was ending with a stipulation of damages to be incorporated into a judgment order.

10. It is Plaintiff's position that the parties agreed to the entry of a judgment on the jury liability verdict. Defendants made that very representation at first, but changed their position after February 12, 2007, after the parties advised the Court of the agreement.[1]

WHEREFORE, Plaintiff respectfully requests that this Court enter the attached proposed Judgment Order.

---

[1] To further complicate matters, all counsel for Plaintiff (who coincidentally are family members) have a previously scheduled family vacation during the week of February 19, 2007.

2

RESPECTFULLY SUBMITTED,

<u>S/Mark Reyes</u>
Attorneys for Plaintiff
Jon Loevy
Arthur Loevy
Mark Reyes
ARDC No. 06209841
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Mark Reyes, an attorney, certify that on February 16, 2007, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing and by facsimile to all other counsel.

S/Mark Reyes