IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY FAYE GRANT, on her own behalf and as Administrator for THE ESTATE OF CORNELIUS WARE, Deceased, | ) ) ) ) | |
| | ) | 04 C 2612 |
| Plaintiff, | ) ) | Judge Lefkow |
| v. | ) ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER ANTHONY BLAKE, | ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S RENEWED MOTION FOR ENTRY OF JUDGMENT ORDER

Plaintiff, TAMMY FAYE GRANT, by and through her attorneys, LOEVY & LOEVY, requests that this Court order the parties to agree on settlement terms that do not require any settlement payment to be made subject to two purported lienholders. In support, Plaintiff states as follows:

1. Plaintiff brought claims against Defendants on three counts: (1) a § 1983 excessive force claim; (2) a state law survival action; and (3) a state law wrongful death claim.

2. On February 9, 2007, after a jury trial on the liability phase of those claims, the jury returned a verdict in favor of Plaintiff on all three claims.

3. The damages phase of the bifurcated jury trial was scheduled to start on February 13, 2007.

4. Prior to the damages phase, the parties, through their counsel, stipulated and agreed that Defendants would pay Plaintiff $5.25 million in damages and attorneys fees and

costs.

5. On Wednesday, April 11, 2007, the Chicago City Council approved the settlement so that there is no further contingency for the settlement to be entered by this Court.

6. There is one issue that the parties are unable to agree upon, however. Defendants insist that the settlement language list two lienholders and that any settlement check be made out to Plaintiff, her counsel and those two purported lienholders – Cochran and Montgomery and the State of Illinois Department of Public Aid.

7. The problem with that proposal is that Cochran and Montgomery is not even a lienholder at all – the parties all agree that there is no notice of lien known by anyone. Moreover, Plaintiff has made an agreement with the Illinois Department of Public Aid to satisfy that lien, so there is no reason to include their name on the settlement check.

8. The reason why Plaintiff does not want the settlement check to include the purported lienholders is because it will cause even further delay for Plaintiff to receive the funds. As this Court is aware, more than two months have elapsed since the settlement was reached and there is no reason to require Plaintiff to have to deal with the bureaucracy of the Department of Public Aid to release the lien so that Plaintiff can be paid or to have to deal with the release of a non-existent lien.

9. Instead, Plaintiff proposes that the settlement and order expressly state that Plaintiff is responsible for paying off the lien to the Illinois Department of Public Aid. Plaintiff's counsel has done this before in other cases and simply satisfies the lien after the receipt of the settlement proceeds.

10. Plaintiff has proposed this arrangement, but Defendants' counsel state that is not

acceptable because that is not how they do things. But in reality, if this Court orders Plaintiff to pay the lien all interests are served – Plaintiff's settlement payment will not be delayed, Defendants will not be liable because this Court has ordered Plaintiff to satisfy the lien, and the Illinois Department of Public Aid will get paid.

WHEREFORE, Plaintiff respectfully requests that this Court order the parties to enter into a settlement agreement and judgment order that expressly orders Plaintiff to pay off the existing noticed lien, but that does not require any lienholder to be named in the settlement check.

RESPECTFULLY SUBMITTED,

S/Mark Reyes
Attorneys for Plaintiff
Jon Loevy
Arthur Loevy
Mark Reyes
ARDC No. 06209841
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

I, Mark Reyes, an attorney, certify that on April 16, 2007, I served this document by ECF electronic filing as to each party who is represented by counsel who uses electronic filing and by facsimile to all other counsel.

S/Mark Reyes