IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY FAYE GRANT, on her own behalf and as Administrator for THE ESTATE OF CORNELIUS WARE, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 04 C 2612 |
| v. | ) ) | Judge Lefkow |
| CITY OF CHICAGO and CHICAGO POLICE OFFICER ANTHONY BLAKE, | ) ) ) ) | |
| Defendants. | ) | |

**FILED**
APR 2 5 2007
JUDGE JOAN H. LEFKOW
UNITED STATES DISTRICT COURT

## SETTLEMENT AGREEMENT AND SATISFACTION OF JUDGMENT

Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, and Defendants, City of Chicago and Anthony Blake, by their respective attorneys, hereby stipulate and agree to the following:

1. On February 9, 2007, Plaintiff obtained a verdict in her favor and against defendants Anthony Blake and the City of Chicago after the liability phase of a bifurcated jury trial. In consideration of the following settlement agreement negotiated by the parties through their respective attorneys in compromise and satisfaction of the judgment, the damages phase of the trial will not be necessary and this case will be concluded.

2. In consideration of the settlement and satisfaction of judgment entered pursuant to this Agreement as set forth below, and upon advice of counsel, Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, agrees to forego the damages phase of the bifurcated jury trial and dismiss with prejudice all of her claims against defendant, Anthony Blake, including all claims for attorneys' fees and costs.

3. In consideration of the settlement and satisfaction of judgment entered pursuant to this Agreement, and upon advice of counsel, Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, agrees to forego the damages phase of the bifurcated jury trial and dismiss with leave to reinstate solely in the event that the Chicago City Council or its Finance Committee reject the hereinafter indicated settlement, all of her claims against Defendant City of Chicago. Plaintiff agrees that she will be required to execute this Settlement Agreement and effect said dismissal of this action prior to the City of Chicago's presentation of the settlement agreement to the Chicago City Council and/or its Finance Committee, and that Plaintiffs offer to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council or its Finance Committee reject the settlement agreement. Upon approval of the settlement by the Chicago City Council, Plaintiff agrees to a final order dismissing with prejudice all of her claims against Defendants Anthony Blake and the City of Chicago, with costs and attorney's fees to be paid by the City of Chicago in the amount specified in paragraph 4.

4. Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, accepts a settlement from Defendant, City of Chicago, in the total amount of FIVE MILLION AND NO/100 ($5,000,000.00) DOLLARS, with costs and attorneys' fees to be paid by the City of Chicago in the amount of TWO THOUSAND FIVE HUNDRED AND NO/100 ($250,000.00) DOLLARS, in full accord and satisfaction of the judgment, conditioned upon approval of the settlement agreement by the Chicago City Council. All sums shall be payable solely by the City of Chicago, and Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, and her attorneys agree that they will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, and her attorneys.

The City of Chicago has notice of only one lien claimant, the State of Illinois Department of Healthcare and Family Services. Plaintiff is solely responsible for satisfying this lien.

5. This settlement agreement and satisfaction of judgment will be presented to the Chicago City Council with all necessary documentation for the City Council to approve this agreement by April, 2007.

6. The City of Chicago's agrees to pay plaintiff the amount specified in paragraph 4 within thirty (30) days of receipt by the Corporation Counsel of (1) the Settlement Agreement and Satisfaction of Judgment executed by Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, and her attorneys; (2) enactment of an ordinance by the Chicago City Council authorizing settlement and payment of the funds agreed upon in this Settlement Agreement; and (3) a Final Agreed Order from the United States District Court for the Northern District of Illinois dismissing with prejudice all of Plaintiff's claims against Defendants Anthony Blake and the City of Chicago without leave to reinstate, whichever is received later.

7. In consideration of the settlement entered pursuant to this Settlement Agreement and Satisfaction of Judgment, and upon advice of counsel, Plaintiff, Tammy Faye Grant, Administrator of the Estate of Cornelius Ware, deceased, agrees to indemnify and hold harmless the City of Chicago, and its future, current or former officers, agents and employees, including, but not limited to, the individual defendant, Anthony Blake, from any claims, losses, damages or expenses, including attorneys fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by Plaintiff under this settlement entered pursuant to this Settlement Agreement and Satisfaction of Judgment.

8. Plaintiff, upon advice of counsel, understands and agrees that this Agreement is a final and total settlement and release and satisfaction of judgment on behalf of herself and her heirs, executors, administrators and assigns, of all claims she had or has against the individual defendant, Anthony Blake, and the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims she has, had, or may have in the future, under local, state or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation.

9. This Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action and satisfaction of judgment, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. Plaintiff represents that she has relied upon the advice of her attorneys, who are the attorneys of her own choice, and that the terms of this Settlement Agreement and Satisfaction of Judgment have been interpreted, completely read and explained to her by her attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that she and her attorneys have the sole right and exclusive authority to execute this Agreement and to receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of

action referred to herein.

12. All parties agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

_____
Tammy Faye Grant, Plaintiff
Address: 8139 S. Loomis
Date of birth: 02/02/64
*SSN _____

_____
Jon Loevy
Attorney for Plaintiff
Loevy & Loevy
312 N. May Street - Suite 100
Chicago, IL 60607
(312) 243-5900
Attorney No. _____
DATE: 4/15/07

BY: _____
Karen Seimetz
Deputy Corporation Counsel
30 North LaSalle - Suite 800
Chicago, IL 60602
(312) 744-3995
Attorney No. 6190369
DATE: 4/20/07

_____
Joseph M. Polick
Chief Assistant Corporation Counsel
Atty for Defendant Anthony Blake
30 N. LaSalle Street - Suite 1400
Chicago, IL 60602
(312) 742-0029
Attorney No. 06203682
DATE: 4/20/07

*Social Security Number is voluntary